THE NATIONAL CASH REGISTER COMPANY, a Corporation, Appellant, v. MIDWAY CITY CREAMERY COMPANY, a Corporation, Respondent.

(205 N. W. 624.)

**Jury — on specification of error in returning verdict by less than twelve jurors, there must be a new trial.**

Where a verdict is returned by less than twelve jurors pursuant to chapter 333, Sess. Laws, 1923, and error is specified on that ground, there must be a new trial, following Power v. Williams, ante, 54, holding said chapter unconstitutional and void.

Opinion filed October 22, 1925.

Appeal and Error, 3 C. J. § 802 p. 899 n. 65; 4 C. J. § 3184 p. 1165 n. 57 New. Juries, 35 C. J. § 162 p. 234 n. 55, 58. New Trial, 29 Cyc. p. 813 n. 93 New.

Note.—As to number and agreement of jurors necessary to constitute a valid verdict, see annotation in 43 L.R.A. 3; 16 R. C. L. 224; 3 R. C. L. Supp. 551; 4 R. C. L. Supp. 1048.

Judgment is reversed and a new trial ordered.

Appeal from the District Court of Eddy County, *Coffey*, **J.**

Reversed.

*Manly & Manly*, for appellant.

*N. J. Bolkne*, for respondent.

PER CURIAM. The tenth, eleventh and twelfth specifications allege error upon the ground that the court instructed the jury that, having deliberated over twelve hours, ten or more jurors were competent to return a verdict. The instruction and the verdict are deemed excepted to §§ 7621 and 7653, Comp. Laws, 1913. These specifications raise the objection that chapter 333, Sess. Laws, 1923, purporting to dispense with the requirements of uniformity in civil cases, is unconstitutional and void. This court has recently held in the case of Power v. Williams, ante, 54, 205 N. W. 9, that the act authorizing less than twelve jurors to return a valid verdict is unconstitutional, contravening section seven of the Bill of Rights of the state Constitution. The decision in that case is necessarily controlling and requires a reversal of the judgment and a new trial.

Other errors are assigned, but we need not consider them, as they may not arise upon another trial.

The judgment of the trial court is reversed and a new trial ordered.

CHRISTIANSON, Ch. J., and JOHNSON, BURKE, BIRDZELL, and NUESSLE, JJ., concur.